UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated,<br>    *Plaintiff*,<br><br>  v.<br><br>SENIOR LIFE INSURANCE COMPANY,<br>    *Defendant.* | No. 1:24-cv-1550-MSN-LRV |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(1) and 12(b)(6) (ECF 12). Upon consideration of the pleadings and for the reasons set forth below, the Court will GRANT the motion and dismiss Plaintiff's claim against Senior Life Insurance Company without prejudice.

**I.    BACKGROUND[1]**

This action stems from Plaintiff's receipt of three unwanted phone calls telemarketing life insurance by Senior Life Insurance Company ("SLIC"). Since August 31, 2021, Plaintiff's personal phone number has been registered with the National Do Not Call Registry. ECF 1 ("Compl.") ¶ 14. Plaintiff has never solicited information from SLIC prior to receiving these three calls. *Id.* ¶ 18. On August 26, 27, and 28, 2024, Plaintiff received scripted telemarketing calls from the number 239-359-5582. *Id.* ¶¶ 20-21. The calls asked Plaintiff qualifying questions for SLIC's life insurance. *Id.* ¶ 23. During one of the calls, Plaintiff spoke with Daniel Swisa, an employee of

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of Defendant's Motion to Dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

SLIC. *Id.* ¶ 24. SLIC continued to call Plaintiff despite the fact that he indicated he was not interested. *Id.* ¶ 25. Plaintiff alleges he was harmed by these calls through the violation of his privacy, and that he was annoyed and harassed. *Id.* ¶ 27.

Plaintiff brings a single class action claim against SLIC for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* ¶¶ 46-50. He seeks injunctive relief prohibiting SLIC from calling telephone numbers on the National Do Not Call Registry or using an automated dialer, statutory damages, and other relief as the Court deems just and proper. *Id.* at 8-9. SLIC moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim. ECF 12 at 1.

## II.     LEGAL STANDARD

"Article III of the Constitution requires a litigant to possess standing to sue in order for a lawsuit to proceed in federal court." *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022) (citation omitted). Without Article III standing, the Court is left without subject matter jurisdiction. *Id.* at 595-96 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("Standing is an 'irreducible constitutional minimum' that must be satisfied in all cases."). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Federal Rule of Civil Procedure 12(b)(1) allows a moving party to challenge the court's jurisdiction over the subject matter of the complaint. The moving party may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may challenge "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996)

(internal citations omitted). When analyzing a motion made pursuant to Fed. R. Civ. P. 12(b)(1), the court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). The court may consider evidence extrinsic to the complaint in resolving such factual questions. *Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982). The court also may regard the pleadings as "mere evidence." *Kuntze v. Josh Enterprises, Inc.*, 365 F. Supp. 3d 630, 636 (E.D. Va. 2019) (citation omitted). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Trinity Outdoor, L.L.C. v. City of Rockville*, 123 F. App'x 101, 105 (4th Cir. 2005) (per curiam).

Alternatively, a court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted unless the plaintiff has "set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 932 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, the court must construe the complaint, read as a whole, in the light most favorable to the plaintiff and take the facts asserted therein as true. *LeSueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). The general pleading standard requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief ... [and that] give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007) (quotations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

The TCPA provides: "It shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone

3

number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). And, the TCPA provides a private right of action for individuals to receive $500 in damages for each violation, plus treble damages if the violation was willful or knowing. 47 U.S.C. § 227(b)(3).

## III.   ANALYSIS

### A.   Defendant's Rule 12(b)(1) Challenge.

SLIC makes a factual challenge to Plaintiff's standing. *See* ECF 13 at 3 ("[I]n support of its factual challenge of Plaintiff's standing…."); ECF 21 at 2 ("…SLIC made a factual challenge to Plaintiff's standing based on his inability to establish traceability or redressability."). Indeed, SLIC includes a declaration providing facts in support of its motion to dismiss for lack of traceability and redressability. *See* ECF 13-1. SLIC argues that Plaintiff's factual allegations in support of liability against SLIC are "incorrect" because SLIC did not initiate the calls to Plaintiff. ECF 13 at 3-4. Such an attack is a factual challenge. *Kuntze v. Josh Enterprises, Inc.*, 365 F. Supp. 3d 630, 645 (E.D. Va. 2019) (explaining that challenging the "accuracy" of jurisdictional allegations is a factual challenge). SLIC does not attack the injury in fact prong of standing, and the Court finds that Plaintiff has sufficiently alleged an injury in fact based on purported privacy violations, annoyance, and harassment. *See Bryant v. Byron Udell & Assocs. Inc.*, No. 123CV00414AJTLRV, 2023 WL 5180351, at *3 (E.D. Va. Aug. 11, 2023).

When assessing jurisdictional facts, the court must determine whether the facts are intertwined with the merits. If the facts are not intertwined with the merits, the court is "permitted to weigh evidence and resolve factual disputes to determine jurisdiction[.]" *Kuntze*, 365 F. Supp. 3d at 638. Alternatively, the facts are intertwined with the merits when the "facts [are] necessary to prove the merits of the case such that a 12(b)(1) motion is, essentially, an indirect attack on the plaintiff's alleged factual merits." *Id.* In that case, the court must proceed with the case on the

merits, "which entails either denying the 12(b)(1) motion and proceeding with the case, or converting the 12(b)(1) motion into a motion for summary judgment on the merits[.]" *Id.* The court will not "[weigh] the evidence and [resolve] factual disputes," instead, it will proceed with discovery either after the denial of the 12(b)(1) motion or by treating it as a motion for summary judgment and taking it "under advisement until the parties have conducted adequate discovery." *Id.*

As such, this Court must evaluate whether the facts dispositive of Plaintiff's claim are intertwined with the facts dispositive of SLIC's jurisdictional challenge. The Court finds the facts are intertwined. Plaintiff's TCPA claim requires that he "show that the defendant actually, physically initiated the telephone call at issue." *Aaronson v. CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019). In challenging Plaintiff's standing, SLIC argues that SLIC in fact did not initiate the calls. *See* ECF 13 at 1 ("As demonstrated in the Declaration submitted herewith as part of SLIC's factual challenge to Plaintiff's Article III standing, this information is incorrect, as SLIC did not initiate or make any calls to Plaintiff."). Whether or not SLIC is the caller will be determinative of both jurisdiction and the merits of Plaintiff's claim; therefore, this question is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction. *Ackerman v. Maximus Educ., LLC*, No. 1:24-CV-00975-MSN-WBP, 2025 WL 51476, at *3 (E.D. Va. Jan. 8, 2025) (finding whether Defendant caused Plaintiff harm through statutory violations was intertwined with the merits of the claim); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *8 (D.S.C. Jul. 1, 2021). Because SLIC's factual challenge to the traceability and redressability of Article III standing involves facts that are intertwined with the merits of Plaintiff's claim, the Court must

5

reject Defendant's challenge. Accordingly, SLIC's motion to dismiss pursuant to Rule 12(b)(1) is denied.

### B.     Defendant's Rule 12(b)(6) Challenge.

SLIC argues that Plaintiff failed to plead facts that state a claim as to Defendant's direct and vicarious liability, under Rule 12(b)(6). SLIC argues Plaintiff did not allege SLIC actually, physically initiated the calls at issue, meaning that Plaintiff failed to plead facts linking SLIC to the calls. *See* ECF 13 at 5-6. SLIC is correct that the Complaint does not include facts—other than those which are conclusory—linking SLIC to the phone calls. Therefore, Plaintiff's complaint will be dismissed without prejudice.

"[T]o state a claim under the TCPA, a plaintiff must allege (i) defendant made one or more calls (ii) to plaintiff's cellular phone (iii) using an automatic telephone dialing system ('ATDS') or an artificial or prerecorded voice." *Aaronson*, 2019 WL 8953349, at *1. A TCPA plaintiff can establish that the defendant "made" a call through theories of direct or vicarious liability. *Id.* at *2 (citing *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018)). TCPA direct liability requires the plaintiff "show that the defendant actually, physically initiated the telephone call at issue." *Id.* (collecting cases). "Accordingly, at the pleading stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Id.* To establish vicarious liability under the TCPA, "courts have held that a plaintiff must show that the defendant would be vicariously liable under common law principles of agency." *Id.*

Plaintiff's Complaint[2] fails to satisfy both standards. Plaintiff makes no allegations related to vicarious liability. *See generally* Compl. As to direct liability, the Complaint contains conclusory statements that Plaintiff "repeatedly received calls from [SLIC]," and that all three calls were "solicitations from [SLIC]." Compl. ¶¶ 19, 20, 22. The Court need not accept this threadbare recitation of an element of the TCPA claim. *Scruggs*, 2020 WL 9348208, at *6. Although Plaintiff identifies the phone number the calls were placed from, he does not link that phone number to SLIC. Compl. ¶ 21. Plaintiff further makes the conclusory allegation that one of the callers, Daniel Swisa, was "an employe of the Defendant." *Id.* at ¶ 24. However, Plaintiff does not plead any facts to substantiate that claim. Finally, although Plaintiff pleads that during the calls he was asked questions regarding qualifying for SLIC life insurance, that singular fact alone is not sufficient to identify SLIC as the caller. *Smith, v. Direct Building Supplies, LLC, et al.*, No. CV 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (finding the mere allegation that Defendant "attempted to solicit Plaintiff to purchase Defendant's services" was insufficient); *Aaronson*, 2019 WL 8953349, at *2 (explaining "without any facts to explain why plaintiff believes the identified phone number is owned by defendant, this allegation amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone."); *Scruggs*, 2020 WL 9348208, at *10 ("The sole factual allegation linking [Defendant] to the calls is that the caller identified himself as 'associated with [Defendant]'" which is "insufficient under the *Iqbal* pleading standards"). As a party to these calls, Plaintiff "should be able to provide greater detail." *Scruggs*,

---

[2] The Court does not rely on any extrinsic evidence provided by the parties for its review of the 12(b)(6) argument. Courts may consider extrinsic evidence attached to a motion to dismiss only when the "evidence is 'integral to and explicitly relied on in the complaint,' and 'the plaintiffs do not challenge its authenticity.'" *Byers v. City of Richmond*, 746 F. Supp. 3d 275, 300 (E.D. Va. 2024) (citations omitted). None of the declarations were explicitly relied on in the complaint, therefore, the factual support developed in those attachments will not be considered in this analysis.

2020 WL 9348208, at *6. Instead, Plaintiff's conclusory allegations fail to establish direct or vicarious liability.

Because the Complaint does not adequate allege liability for SLIC under the TCPA, the Court finds that Plaintiff failed to state a claim upon which relief may be granted. Therefore, the Court grants SLIC's motion to dismiss without prejudice.

## IV.   CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendant Senior Life Insurance Company's Motion to Dismiss Plaintiff's Complaint (ECF 12) is **GRANTED**; and it is further

**ORDERED** that the claim against Senior Life Insurance Company in Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file any amended complaint within ten (10) days of the date of this Order.

It is **SO ORDERED**.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

April 22, 2025
Alexandria, Virginia

8