# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | 1:24-cv-1550 |
| v. | : : : | **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| SENIOR LIFE INSURANCE COMPANY and DANIEL SWISA Defendants. | : : : : : | |

Plaintiff Thomas Matthews (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Mr. Matthews brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Senior Life Insurance Company ("Senior Life") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. The recipients of Senior Life's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Senior Life makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff Thomas Matthews is, and at all times mentioned herein was, an individual citizen in this District.

6. Defendant Senior Life Insurance Company is a corporation.

7. Defendant Daniel Swisa is an individual who resides in Fort Lauderdale Florida and is an employee of Defendant Senior Life that placed the illegal calls at issue.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has specific personal jurisdiction over Senior Life and Swisa because they directed their violative conduct to Plaintiff to here.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were sent into this District, and thus a substantial portion of the claims at issue in this litigation occurred in this District.

## TCPA BACKGROUND

The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Defendant Senior Life is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. The Plaintiff's phone number, (540) 558-XXXX, has been on the National Do Not Call Registry since August 31, 2021.

16. The Plaintiff personally registered the number on the National Do Not Call Registry.

17. The number is used by the Plaintiff for personal purposes.

18. The number is not associated with a business.

19. At no point has Plaintiff sought out or solicited information regarding Defendant Senior Life's services prior to receiving the calls at issue.

20. Despite this, the Plaintiff has repeatedly received calls from Senior Life, including once from its employees, Defendant Daniel Swisa.

21. The Plaintiff received calls from Senior Life on at least August 26, 27 and 28, 2024.

22. All of the calls came from (239) 359-5582.

23. This telephone number was disconnected shortly after Senior Life was served with the original complaint in this lawsuit.

24. Upon information and belief, it is probable that, prior to its disconnection, calling the number would have led back to Defendant. A telephone company subpoena would also reveal the subscriber of record for this number.

25. The calls were solicitations from Senior Life and were scripted telemarketing calls to sell Senior Life branded life insurance from agents who stated that they were "calling from Senior Life".

26. During all of the calls the Plaintiff was asked the same general qualifying questions for life insurance by Senior Life.

27. During one of the calls the Plaintiff talked with Daniel Swisa, an employee of the Defendant, who affirmatively identified himself as "calling from Senior Life," and who then went on to attempt to sell the Plaintiff a Senior Life policy.

28. Mr. Swisa's insurance license records with the Florida Department of Financial Services indicate that he is a life insurance agent appointed to write policies with Defendant Senior Life Insurance Company, and only Senior Life Insurance Company:

**LIFE (0216)**

| Company Name | Issue Date | Exp Date |
|---|---|---|
| SENIOR LIFE INSURANCE COMPANY | 8/27/2024 | 9/30/2026 |

29. Notably, Senior Life continued to call the Plaintiff even after he had previously indicated that he was not interested and despite his presence on the National Do Not Call Registry.

30. Defendant Swisa personally participated in at least one of the calls complained of herein, acting at the direction of his employer and in an attempt to sell Senior Life's products and services.

31.     Defendant Swisa may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

32.     Swisa personally committed the TCPA-violative conduct at issue because he was the telemarketer personally on the calls and was the licensed insurance agent under whose name the services sold would ultimately be bound.

33.     The foregoing facts demonstrate that Swisa had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

34.     Senior Life has received other complaints that individuals were called in alleged violation of the TCPA.

35.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff bring this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call

from or on behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

37. Defendants and their employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

38. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendants.

**Numerosity**

39. Members of the Class are so numerous that their individual joinder is impracticable.

40. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

41. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

42. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

**Commonality**

43. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

44. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

45. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendants without giving them his consent to receive such calls.

### Adequacy of Representation

46. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

47. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

48. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

49. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendants' liability.

50. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

51. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

52. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.

53. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

54. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

56. The Defendants' violations were negligent, willful, or knowing.

57. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

58. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry or using an automated dialer in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: May 2, 2025    PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800
wprlegal@gmail.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
<u>anthony@paronichlaw.com</u>