UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated, * * * Plaintiff, * * v. * * SENIOR LIFE INSURANCE * COMPANY and DANIEL SWISA, * * Defendants. * | Civil Action No. 1:24-cv-1550-MSN-LRV |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Senior Life Insurance Company ("SLIC" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint seeking dismissal of this matter based on the Court's lack of subject matter jurisdiction over this lawsuit due to Plaintiff's lack of standing and because the claims asserted by Plaintiff fail to state a claim for relief. In support of its Motion, Defendant respectfully shows as follows:

**INTRODUCTION**

On September 3, 2024, Plaintiff filed his original Complaint alleging a claim under the Telephone Consumer Protection Act ("TCPA"). In response, SLIC filed a Motion to Dismiss, showing that Plaintiff failed to establish Article III standing under Rule 12(b)(1) and failed to state a claim for relief under Rule 12(b)(6). On April 22, 2025, the Court issued an Order granting SLIC's Motion to Dismiss ("Order"), finding that Plaintiff failed to state a claim for relief. (Doc. 22.) The Court's Order recognized that Plaintiff made no allegations related to vicarious liability. *Id.* at p. 7. As to direct liability, the Court noted that Plaintiff relied on several conclusory

1

allegations. In sum, it determined that "Plaintiff's conclusory allegations fail to establish direct or vicarious liability." *Id.* at p. 8. Accordingly, it dismissed the Complaint without prejudice, allowing Plaintiff to file an amended complaint within ten days of the Order.

On May 2, 2025, Plaintiff filed his First Amended Complaint ("Amended Complaint"). Doc. 23. He added as a defendant Daniel Swisa, against whom he asserts personal liability. Other than this addition, Plaintiff relies on many of the same conclusory allegations as those he relied on in his original Complaint. Indeed, as explained below, Plaintiff did not revise any of the conclusory allegations that the Court identified in its Order. To compound matters, Plaintiff has added more conclusory allegations in his Amended Complaint. Consequently, Plaintiff remains unable to plausibly allege liability against SLIC. For this reason, his Amended Complaint should be dismissed with prejudice.

Accordingly, SLIC respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety based on Plaintiff's lack of standing and because he fails to state a claim for relief.

## ARGUMENT AND CITATION TO AUTHORITIES

**A.     Plaintiff does not have Article III standing.**

**1.     Standard of review**

Rule 12(b)(1) permits a defendant to move for dismissal based on a court's lack of subject matter jurisdiction. *A.W. ex rel. Wilson v. Fairfax Cty. Sch. Bd.*, 548 F.Supp.2d 219, 221 (E.D. Va. 2008). Article III of the Constitution provides that federal courts have subject matter jurisdiction over justiciable cases or controversies. *Scruggs v. CHW Grp., Inc.*, No. 2:20cv48, 2020 U.S. Dist. LEXIS 253431, at *8 (E.D. Va. Nov. 12, 2020) (*citing Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559-60 (1992)). The standing doctrine is one component of justiciability, "'serv[ing] to identify those disputes which are appropriately resolved through the judicial process.'" *Id.* (*citing Lujan*,

504 U.S. at 560). To satisfy the standing requirements of Article III, a plaintiff must demonstrate (1) that he has suffered an injury in fact, (2) the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant; and (3) it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor. *Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 480 (4th Cir. 2003) (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)). If a federal court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). The party invoking federal subject matter jurisdiction has the burden of establishing standing. *See Spokeo, Inc. v. Robbins,* 578 U.S. 330, 338 (2016).

### 2. Plaintiff does not plausibly allege that the asserted injury is fairly traceable to, or caused by, the action of Defendant.

"The 'fairly traceable' requirement ensures that there is a genuine nexus between a plaintiff's injury and a defendant's alleged illegal conduct." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 161 (4th Cir. 2000) (*citing* Lujan, 504 U.S. at 560). The causation element of the standing analysis requires a "direct causal connection between the challenged action and the identified harm. Such a connection cannot be overly attenuated." *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012). Significantly, the alleged conduct cannot be wholly "the result of the independent action of some third party not before the court." *Bennett v. Spear*, 520 U.S. 154, 167 (1997). *See Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 390 (6th Cir. 2016) (Article III traceability requirement "eliminate[s] those cases in which a third party and not a party before the court causes the injury.").

Plaintiff does not plausibly allege that his alleged injuries are fairly traceable to SLIC's actions. In its Order, the Court noted that Plaintiff's original Complaint "does not include facts—other than those which are conclusory—linking SLIC to the phone calls." Doc. 22 at p. 6.

Plaintiff's Amended Complaint does not substantiate the conclusory allegations. Instead, it repeats them verbatim in many cases or compounds them with additional conclusory allegations. For example, Plaintiff continues to allege that Daniel Swisa is an employee of SLIC (Amended Complaint ¶¶ 22, 27, 30), despite the Court's Order noting that Plaintiff "does not plead any facts to substantiate that claim." Doc. 22 at 7. Furthermore, Plaintiff continues to allege that he "repeatedly received calls from [SLIC]" (Amended Complaint ¶ 20), despite the Court noting in the Order that such a statement was conclusory. Doc. 22 at 7.

To establish direct liability under TCPA, "courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone calls at issue." *Scruggs*, 2020 U.S. Dist. LEXIS 253431, at *24 (*quoting Aaronson v. CHW Grp., Inc.,* No. 1:18cv1533, 2019 U.S. Dist. LEXIS 231433, at *2 (E.D. Va. Apr. 15, 2019)). Plaintiff fails to plausibly allege that his alleged damages are fairly traceable to SLIC's actions because he again relies on the same conclusory allegations of direct liability.

Plaintiff does not allege vicarious liability in the Amended Complaint because he does not allege that anyone other than SLIC made the calls. *See Gonzalez v. Sav. Bank Mut. Life Ins. Co. of Mass.,* EP-24-CV-00289-DB, 2025 U.S. Dist. LEXIS 76839 at *10 (W.D. Tex. Apr. 15, 2025) "[Defendant] cannot be liable under the TCPA where it neither made the call nor controlled or directed the party making the call."); *USAnovic v. Americana, L.L.C.,* No. 2:23-cv-01289-RFB-EJY, 2025 U.S. Dist. LEXIS 60272, at *9 (D. Nev. Mar. 31, 2025) ("For a call to fall under the TCPA, the caller must either (1) directly make the call, or (2) have an agency relationship with the person who made the call."). For example, Plaintiff alleges that he "repeatedly received calls from Senior Life" and that the calls were "solicitations from Senior Life." Amended Complaint ¶¶ 20, 25. He also alleges that "Senior Life continued to call the Plaintiff even after he had previously

indicated that he was not interested and despite his presence on the National Do Not Call Registry." Amended Complaint ¶ 29. Plaintiff adds no factual allegations to the Amended Complaint to demonstrate that Senior Life called him. Ultimately, Plaintiff's conclusory statements are insufficient to establish that Plaintiff's alleged injury is fairly traceable to SLIC. Therefore, the Amended Complaint should be dismissed with prejudice.

### 3.     Plaintiff cannot demonstrate that the asserted injury is redressable.

Plaintiff also must demonstrate that it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in his favor. *Mineta*, 320 F.3d 475, 480 (4th Cir. 2003). Plaintiff's conclusory allegations again fail to satisfy his burden. Because Plaintiff's asserted injury is not fairly traceable to Defendant's action, Plaintiff's alleged injury will not be redressed by a decision in his favor. *See Mirant Potomac River, LLC v. EPA,* 577 F.3d 223, 226 (4th Cir. 2009) (noting close connection of causation and redressability elements of standing). Consequently, Plaintiff fails to establish the redressability element of the standing analysis as well.

### B.     Plaintiff fails to state a claim for relief under Rule 12(b)(6).

### 1.     Standard of review.

A party seeking relief must set forth their claim in "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 12(b)(6) requires dismissal where the plaintiff fails to state a claim upon which relief can be granted. *Id.* Although the Court is required to accept well-pleaded facts as true when evaluating a motion to dismiss under Rule 12(b)(6), it is not required to accept the plaintiff's legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a complaint that merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient to state a claim. *Iqbal*, 556 U.S. at 678. In addition, the facts alleged must be enough

"to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. This means the allegations must show more than the mere possibility that the defendant might have acted unlawfully, and instead demonstrate it is plausible. *Id.; Iqbal*, 556 U.S. at 678.

      2.      **Plaintiff fails to plausibly allege facts to support a basis for liability against Defendant.**

As explained above, the Court's Order explained that Plaintiff's initial Complaint "does not include facts—other than those which are conclusory—linking SLIC to the phone calls." Doc. 22 at p. 6. The Court recognized that Plaintiff relied on several conclusory statements in the initial Complaint. As to direct liability, it noted that the "Complaint contains conclusory statements that Plaintiff 'repeatedly received calls from [SLIC],'" and that all three calls were solicitations from [SLIC]." Doc. 22 at p. 7 (*citing* Complaint ¶¶ 19, 20, 22). The Court further noted that, "[a]lthough Plaintiff identifies the phone number the calls were placed from, he does not link that phone number to SLIC." *Id.* (*citing* Complaint ¶ 21). It determined that "Plaintiff further makes the conclusory allegation that one of the callers, Daniel Swisa, was 'an employee of the Defendant'" but noted that "Plaintiff does not plead any facts to substantiate that claim." *Id.* (*citing* Complaint ¶ 24). The Court further found that, "although Plaintiff pleads that during the calls he was asked questions regarding qualifying for SLIC life insurance, that singular fact alone is not sufficient to identify SLIC as the caller." *Id.*

In his Amended Complaint, Plaintiff again relies on many of the same conclusory allegations to support liability against SLIC. For example, he again alleges that he "repeatedly received calls from Senior Life." Amended Complaint ¶ 20. This time he adds to this allegation another conclusory allegation: "including once from its employees [sic], Defendant Daniel Swisa." *Id.* As mentioned above, the Court explicitly identified as conclusory Plaintiff's allegation that

Daniel Swisa was an employee of SLIC. Doc. 22 at p. 7. Nevertheless, Plaintiff perpetuates this conclusory allegation and again "does not plead any facts to substantiate that claim." *Id.*

Additionally, Plaintiff continues to allege that "[a]ll of the calls came from (239) 359-5582." Amended Complaint ¶ 22. However, he still does not link that telephone number to SLIC. His allegation that the "telephone number was disconnected shortly after Senior Life was served with the original complaint in this lawsuit" does not provide that requisite link to SLIC. Amended Complaint ¶ 23. Similarly, he alleges "[u]pon information and belief, it is probable that, prior to its disconnection, calling the number would have led back to Defendant. A telephone company subpoena would also reveal the subscriber of record for this number." Amended Complaint ¶ 22. These allegations are entirely conclusory, as demonstrated by the doubly qualifying language "[u]pon information and belief, it is probable that . . . ." *Id.* Moreover, Plaintiff's allegation that a subpoena to the telephone company would reveal the subscriber for the number reveals that he has no basis to link the number to SLIC. For these reasons, Plaintiff again fails to establish direct liability of SLIC.

As explained above, Plaintiff only alleges (or attempts to allege) direct liability against SLIC because he claims that SLIC, not another party, made the calls at issue. Even if Plaintiff intended to allege vicarious liability, he would be unable to state such a claim, either. As the Court noted in its Order, "To establish vicarious liability under the TCPA, 'courts have held that a plaintiff must show that the defendant would be vicariously liable under common law principles of agency.'" (Doc. 22 at p. 6 (*quoting Aaronson v. CHW Grp., Inc.,* No. 1:18cv1533, 2019 U.S. Dist. LEXIS 231433, at *2 (E.D. Va. Apr. 15, 2019)). In *Aronson*, this Court recognized that "It is well-established under such common law principles that an agency relationship 'arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act

7

on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.'" *Id.* (*quoting Melito v. Am. Eagle Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 160349, 2015 WL 7736547, at *6 (S.D.N.Y. Nov. 30, 2015) (*quoting* Restatement (Third) of Agency, § 1.01 (2006)). Furthermore, *Aronson* determined that, "at the pleadings stage, plaintiff 'must allege some facts regarding the relationship between an alleged principal and agent' that show defendant had the right to control the party making the calls; plaintiff 'cannot simply allege general control in a vacuum.'" *Id.* (*quoting Melito*, 2015 U.S. Dist. LEXIS 160349, at *7).

Instead of alleging facts to show that SLIC had the right to control the party making the calls, Plaintiff contends that SLIC made the calls. He does not contend that another person made the calls. As such, Plaintiff only alleges direct liability and, as explained above, he has not alleged facts to plausibly support such a claim. A close reading of Plaintiff's Amended Complaint demonstrates that he does not allege that SLIC actually, physically initiated the calls at issue, as is required. *Scruggs*, 2020 U.S. Dist. LEXIS 253431, at *24. Plaintiff instead simply claims that he "*received* calls from Senior Life." Amended Complaint ¶¶ 20, 21 (emphasis added).

Regardless of Plaintiff's theory of liability, he must still allege sufficient, non-conclusory factual allegations linking the calls to SLIC to render it liable under the TCPA. *See Scruggs*, 2020 U.S. Dist. LEXIS 253431, at *27-28. Because Plaintiff has only asserted (or attempted to assert) direct liability against SLIC, by alleging it made the calls at issue, he has not attempted to allege facts to support an agency relationship to state a claim for a violation of the TCPA under a vicarious liability theory. For example, he has not provided sufficient factual allegations that would support such a theory, whether through an actual authority, apparent authority, or ratification theory. For these reasons, Plaintiff fails to state a claim for relief. *See, e.g., USAnovic,* 2025 U.S. Dist. LEXIS 60272 at *10 (dismissing complaint where, even if there was an agency relationship, plaintiff failed

8

to allege sufficient facts to establish any of the three agency theories for TCPA liability); *Bryant v. Udell & Assocs.*, 1:23-cv-00414 (AJT/LRV), 2023 U.S. Dist. LEXIS 140767, at *15-16 (E.D. Va. Aug. 11, 2023) (granting motion to dismiss for failure to state a claim for direct or vicarious liability under TCPA).

## CONCLUSION

For the above reasons, SLIC respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice.

Respectfully submitted,

*/s/ David M. Ross*
David M. Ross, VSB #42389
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1500 K. Street, NW, Suite 330
Washington, DC 20005
(202) 626-7687
(202) 628-3606 (fax)
david.ross@wilsonelser.com

*Counsel for Defendant*