IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THOMAS MATTHEWS, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>vs.<br><br>SENIOR LIFE INSURANCE COMPANY<br><br>and<br><br>DANIEL SWISA<br><br>Defendant. | Case No. 1:24-cv-1550 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
SENIOR LIFE INSURANCE COMPANY'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

## I. INTRODUCTION

Defendant Senior Life Insurance Company's (Senior Life or Defendant) second motion to dismiss must be denied because the Plaintiff has rectified and added additional allegations both connecting Senior Life to the calls Plaintiff received as well as establishing Mr. Swisa's employment with Senior Life. Though those facts may be straightforward, they are far from conclusory. The Plaintiff has addressed the Court's concerns in its order in his amended complaint, which should proceed to discovery. Defendant's attempt to bootstrap a 12(b)(1) motion for lack of subject matter jurisdiction over disputed factual issues addressed and rectified in the Plaintiff's amended complaint, before any discovery directed into the Plaintiff's allegations more properly the subject of a jury trial has occurred, must be rejected. So too must Defendant's attempt to employ a 12(b)(6) motion as a backup. This response follows. As so many other courts have done in other TCPA cases where the defendant claims the plaintiff has sued the wrong caller and that defendant did not place them, this case must be allowed to proceed.

## II. FACTUAL BACKGROUND

The original complaint in this matter was filed on September 3, 2024 against the Defendant, Senior Life Insurance Company (ECF No. 1). Defendant Senior Life filed a Motion to Dismiss, with the Court denied with respect to the 12(b)(1) motion, granted with respect to the 12(b)(6) motion, and granted leave to amend. In his Amended Complaint, the Plaintiff added specific, nonconclusory allegations that rectify the Court's concerns and to establish information sufficient at the pleadings stage to demonstrate that the Defendant is responsible for the conduct alleged, including specifying additional information about what was said on the calls, the fact that the telephone number was disconnected after this lawsuit was served, and adding additional

1

information as to co-Defendant Daniel Swisa, the Senior Life agent to whom the Plaintiff spoke during one of the calls. Despite alleging these additional facts, Defendant Senior Life has filed the instant motion to dismiss the Amended Complaint on much the same basis as its previous motion, including rehashing arguments this Court rejected. This response follows.

### III.   LEGAL STANDARD

The standards for 12(b)(1) challenges for a lack of subject matter jurisdiction are well-settled in this circuit. Notably, there exist two types of 12(b)(1) challenges, each with their corresponding standards: facial and factual challenges. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Defendant appears to mount a facial challenge to the Plaintiff's complaint, as it produces no declarations or evidence in support of its renewed motion, but continues to characterize it as a factual challenge. A facial challenge goes to the sufficiency of the pleading itself, and in such a motion, the court must take the allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant mounts a factual challenge, the defendant *must* submit affidavits, testimony, or other evidentiary materials supporting the lack of subject matter jurisdiction. The burden then shifts to the Plaintiff to demonstrate that the court has subject matter jurisdiction, including through additional affidavits, testimony, and other evidence of the plaintiff's own. *Id.*

But even when a factual attack is involved, as with a motion under Rule 12(b)(6), a motion under 12(b)(1) should be granted only if the jurisdictional facts in the complaint are untethered to the merits thereof. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). The Fourth Circuit has held time and again that is inappropriate for the court to focus on the merits of the case when considering the issue of standing, including in determining whether the Plaintiff

2

has pled traceability and redressability. "[W]hen the jurisdictional facts and the facts central to a tort claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues. . . . As the Supreme Court has explained with respect to such situations, a trial court should dismiss under Rule 12(b)(1) only when the jurisdictional allegations are 'clearly ... immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" *Kerns*, 585 F.3d at 193.

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Twombly*, 550 U.S. at 545. After identifying elements to set forth a claim and removing conclusory allegations, the Court must accept all well-pled factual allegations as true and determine if they give rise to relief. *Id.* A complaint may be dismissed only where it appears that there are not "enough facts to state a claim that is plausible on its face," not merely because the defendant proffers some contrary facts. *Id.* at 570.

## IV. ARGUMENT

A. *This Court has subject matter jurisdiction because it is inappropriate to hold otherwise at this stage as a matter of law and because Mr. Matthews has plausibly alleged the illegal calls came from Daniel Swisa, Senior Life's employee.*

Critically here, and unlike previously, the Defendant has *not* submitted an affidavit in support of its argument that this Court lacks subject matter jurisdiction, and as such, is attempting a *facial* challenge, not a factual one, as it claims.[1] And in a facial challenge, the Court is constrained by the four corners of the complaint to evaluate whether jurisdiction exists. Like in a factual challenge, the Court must also assume the truth of the Plaintiff's allegations and construe them in the light most favorable to the Plaintiff. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). Here, the uncontroverted evidence in the complaint establishes, through publicly-available records of which the Court can take judicial notice, that Defendant Daniel Swisa is the Defendant's employee and that Mr. Swisa's *only* appointment of agency for life insurance products he is authorized to sell insurance for, on his very own license, are Senior Life's products. Mr. Swisa's insurance license is entirely consistent with him being the caller, and with his pled position as a Senior Life insurance agent. This is not withstanding the fact that, for jurisdictional purposes, as this Court has already recognized, whether or not Defendant was the caller will be "determinative of both jurisdiction and the merits of Plaintiff's claim; therefore, this question is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction." (ECF No. 22, p. 5) (citing *Ackerman v. Maximus Educ., LLC*, No. 1:24-CV-00975-MSN-WBP, 2025 WL 51476, at *3 (E.D. Va. Jan. 8,

---

[1] Plaintiff acknowledges that Defendant appears to incorporate by reference its previous declaration. But that previous declaration does not address the new allegations in the Amended Complaint, and the Court has already held that the previous declaration raised factual issues that were intertwined with the merits of the case.

2025) and *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *8 (D.S.C. Jul. 1, 2021).

Defendant's 12(b)(1) challenge fares even worse than its original one, which this Court already denied, because here, unlike its previous motion, Defendant points to *no extrinsic evidence* tending to disprove the *additional* well-pled factual allegations in the Amended Complaint establishing traceability and redressability. Those new allegations include that Mr. Swisa is the Defendant's employee, as confirmed through Mr. Swisa's insurance license, and that the Plaintiff received calls selling Senior Life's insurance products from an individual who identified himself as "Daniel Swisa," the only individual by that name licensed to sell insurance that also happens to be authorized to exclusively sell Senior Life's insurance products. Plaintiff has confirmed those allegations in a declaration, as he is entitled to do. In light of this Court's obligation to draw all reasonable inferences in Plaintiff's favor at the pleadings stage, including under a Rule 12(b)(1) challenge, it is reasonable to infer from the content and timing of the calls that they all originated from the same place, and were all made for the same purpose. *Bird v. Pro Star Builders, Inc.*, No. 2:22-cv-03610, 2022 WL 18216007, at *3 (C.D. Cal. Nov. 28, 2022) ("The Court agrees that it is reasonable to infer that the same caller is responsible for calls from the same number, whether those calls are answered or not."); *Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, No. 22-10229, 2022 WL 3130225, at *7 (E.D. Mich. Aug. 4, 2022) (denying a motion to dismiss "[b]ecause the four calls all came from the same phone number"); *Spurlark v. Dimension Serv. Corp.*, No. 2:21-CV-3803, 2022 WL 2528098, at *3 (S.D. Ohio July 7, 2022) (denying a motion to dismiss even though the plaintiff initially ignored calls from the same phone number). This Court already held as much when it previously denied Defendant's 12(b)(1) motion to dismiss.

Defendant's refiled motion rectifies none of the maladies the Court identified in denying Defendant's factual challenge and instead attempts to recast the motion as a facial challenge (though it seemingly still insists it is proceeding as a factual challenge, without so much as addressing the Plaintiff's new factual allegations). However, applying the correct standard here to facial challenges, the Plaintiff's well-pled allegations here, that he spoke to Daniel Swisa, who identified himself as an employee of the Defendant, and who sold the Defendant's life insurance products, is sufficient at the pleadings stage to demonstrate direct liability as to Senior Life and personal liability against its employee, Mr. Swisa. In this regard, "the most reasonable inference is the simplest one—that the caller is from where she said she was." *Greene v. Select Funding, LLC*, No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495, at *3 (C.D. Cal. Feb. 5, 2021).

Indeed, at least one court has held insurance information of the *exact type here* was sufficient to defeat a motion under both Rules 12(b)(1) and 12(b)(6) on nearly identical grounds to link the calls at issue to a particular insurance company. In *Griffin v. Am.-Amicable Life Ins. Co. of Texas*, the Court credited the Plaintiff's pleading that "the agent who called was registered as Defendant's agent on his license with the National Association of Insurance Commissioners. Given these facts, it is plausible that American-Amicable placed the calls to Plaintiffs and thus violated the TCPA." No. 6:24-CV-00243-MC, 2024 WL 4333373, at *4 (D. Or. Sept. 27, 2024). This Court should reach an identical conclusion as in *Griffin*, as it is plainly evident that Mr. Swisa is registered as the Defendant's insurance agent, and only the Defendant's agent, on his own license. Mr. Swisa's license information and the consistency in the call are sufficient to establish traceability and redressability at the pleadings stage.

But even if this Court holds that the Defendant reasserts a factual challenge, there is no reason why the Court should reconsider its holding that the jurisdictional facts were intertwined

with the merits of the Plaintiff's complaint so as to justify denial of the Defendant's jurisdictional motion, as it did previously. It is inappropriate for the court to focus on the merits of the case when considering the issue of standing. *Kerns*, 585 F.3d at 193. The Court recognized that when it denied the Defendant's first motion on the same basis. And the Defendant does not argue here any additional reasons, changes, or reasons why its motion should fail at its second suck of the sav. If anything, the Plaintiff has pled *more* facts tending to show traceability and redressability, including pleading Mr. Swisa's insurance license information that was absent from the original complaint, and which Defendant has refused to address. At least one Court has held that this information is sufficient in the insurance context, *Griffin*, *supra*, and other courts have so held in similar contexts. *Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 68 (E.D.N.Y. 2021); *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 275 (S.D.N.Y. 2024).

In any event, the point remains that the Defendant's approach of attempting to bootstrap a "we didn't do it" defense into a jurisdictional motion is one that has already been rejected by this Court, and there is no reason why this Court should reach a different result the second time it addresses the issue here. If anything, the Defendant's motion is weaker in that Defendant does not controvert any of the new allegations in the Amended Complaint. The Plaintiff has pled and his declaration confirms that he suffered a legally cognizable injury fairly traceable to the Defendant, justifying denial of its renewed 12(b)(1).

B.  *This case presents factual disputes more appropriately subject to a trial. Dismissal under Rule 12(b)(6) is therefore inappropriate.*

In essence, the Defendant attempts another variation of the classic "we didn't do it" defense by disguising it as a challenge to the Plaintiff's allegations of liability at the pleadings stage, just as it did in its previous motion. And just as previously, Rule 12(b)(6) is not an appropriate device for testing the truth of what is asserted in the complaint or for determining

7

whether the plaintiff has any evidence to back up what is in the complaint. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). However, that's precisely what the Defendant attempts to do yet again, making a red-herring argument that the Plaintiff has failed to state a claim because Plaintiff has allegedly insufficiently pled a case for direct liability. But that's a "red herring" that begs the question "who did, then?" *See Consol. Grain & Barge, Inc. v. Anny*, No. CIV.A. 11-2204, 2013 WL 486687, at *6 (E.D. La. Feb. 6, 2013).

This Court held that the Plaintiff's original allegations of direct liability in the original complaint were conclusory because the Plaintiff did not link the calls to Senior Life, pled no facts to substantiate that Mr. Swisa was the Defendant's employee, and pled that he was only "asked questions" regarding qualifying for SLIC's services. (ECF No. 22, p. 6, 7). Fair point. Plaintiff's amended complaint rectifies these deficiencies and pleads more details about the calls Plaintiff received more than six months ago. *First*, the Plaintiff alleges facts which gives rise to the plausible inference that Senior Life owned and controlled the phone number: the phone number was disconnected shortly after Senior Life was served with the original complaint in this lawsuit, and further that a subpoena to the carrier will reveal the subscriber of record and date of disconnection. (Am. Compl. ¶ 23, 24). These facts demonstrate that the Defendant had control over the number at issue, for it would be quite coincidental for the number to be disconnected shortly after the Defendant was served. *Second*, the Plaintiff has pled facts showing that Mr. Swisa is the Defendant's employee, including the allegation that Swisa stated that he was "calling from Senior Life," and the further allegation that "Mr. Swisa's insurance license records with the Florida Department of Financial Services indicate that he is a life insurance agent appointed to write policies with Defendant Senior Life Insurance Company, and only Senior Life Insurance Company." (Am. Compl. ¶ 27, 28). Plaintiff has also alleged Mr. Swisa's personal

8

involvement and that he was acting at his employer's direction to attempt to sell Senior Life's products and services. (Am. Compl. ¶ 30). *Third*, the Plaintiff gives further details regarding the contents of the calls, including that the agents stated that they were "calling from Senior Life," and were selling "Senior Life branded life insurance," as opposed to the previous allegations that they only asked questions related to that brand of insurance. (Am. Compl. ¶ 25).

      Courts across the country have held that similar allegations to those here were sufficient to plausibly plead direct liability at the pleadings stage and were distinguishable to the authorities to which the Court cited in its original order. Taken in the light most favorable to the Plaintiff, as this Court must, this Court can draw the reasonable inference that Senior Life, through its employees, directly initiated the relevant calls. This is especially so in light of *Griffin*, where the court held that receiving "repeated calls by an outfit purporting to call on behalf of the Defendant to sell Defendant's services" was sufficiently pled, particularly when, as here, "the agent who called was registered as Defendant's agent on his license." 2024 WL 4333373, at *4. Just as in that case, the Plaintiff received a call from an individual, Defendant Swisa, who stated that he was calling from Senior Life, and who is also registered as Senior Life's agent on his license.

      These new allegations contained in the Amended Complaint, and absent from the original complaint, are more than sufficient at the pleadings stage to demonstrate that the calls were placed by the Defendant. *E.g.*, *Smith v. Am.-Amicable Life Ins. Co. of Texas*, No. CV 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (holding sufficient allegations that during the calls the plaintiff was told that he was "speaking with American-Amicable" and allegations that the calls "concerned insurance benefits–American-Amicable's area of business"); *Martin*, 723 F. Supp. 3d 270 at 280 (holding plaintiff adequately pled direct liability when the plaintiff received calls identifying the defendant); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 746 (N.D. Ill.

9

2014); *Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at *4 (D.N.J. July 21, 2021); *Atkinson v. Choice Home Warranty*, No. CV 22-04464, 2023 WL 166168, at *3 (D.N.J. Jan. 11, 2023); *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1150 (N.D. Ill. 2014) (holding plaintiff adequately alleged direct liability when he received a prerecorded voice saying he could obtain quotes from "Allstate, GEICO, Progressive and State Farm," but was transferred to a sales representative of Esurance, an Allstate subsidiary, who provided a quote for Esurance's services).

It is on this point that this Court's decision in *Scruggs* is distinguishable. There, the Court held that the Plaintiff provided "virtually no detail about the calls at issue, let alone the identity of the caller(s), the duration, the number(s) from which they originated, the substance of the calls, or more importantly who physically placed any of the calls—i.e., CHW or some third party who merely stated they were 'associated with' CHW somehow." *Scruggs v. CHW Grp., Inc.*, No. 2:20CV48, 2020 WL 9348208, at *5 (E.D. Va. Nov. 12, 2020). Here, however, Plaintiff has pled details about the calls which Mr. Scruggs did not: he has pled the dates of the calls, Mr. Swisa's identity, the number from which they originated, and the substance of the calls, as well as pleading facts tending to show who physically placed them. And, in *Scruggs*, the plaintiff attempted to impermissibly amend his pleadings through response, and even then only stated that the caller stated that he was "associated with CHW," and not calling *from* CHW. *Id.* at *6. Indeed, the *Scruggs* court noted that the plaintiff could have "identified the phone numbers used to call him and allege those phone numbers belong to CHW." *Id.* Here, the Plaintiff has done so.

As this Court noted in *Scruggs*, the "sample contextual factors" that the Plaintiff has pled in his Amended Complaint here, including "the defendant's ownership of the phone number used to make the call" and the "details of the specific content of calls," are "not required in every case

10

to support a finding that the alleged conduct is fairly traceable to the defendant, but they are illustrative of the types of factual allegations courts have found sufficient under the *Iqbal* pleading standards when conducting a standing analysis." *Id.* Given that the Plaintiff has pled the exact same type of information this Court has already stated supported a finding of traceability, this Court should hold here. Likewise, in *Aaronson v. CHW Grp., Inc.*, the complaint was "devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls." No. 1:18-CV-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) And the Court in *Direct Building Supplies* held as insufficient investigative efforts where the Plaintiff *did not answer a call* but rather called the caller ID *back* and was connected to the defendant. *Smith v. Direct Building Supplies LLC*, No. CV 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021). Given that the Plaintiff has pled facts here of precisely what Mr. Scruggs (and Mr. Aaronson and Ms. Smith) did not, he is entitled to move past the pleadings stage and on to discovery to prove his allegations.

In any event, the fact remains that multiple courts, both within and without the Fourth Circuit have held as sufficient the caller's representations that they are calling from a particular place, especially when some evidence, like Mr. Siwsa's license information, connects them to the calls at issue. For example, in *Cunningham v. Wallace & Graham*, the court held as sufficient the allegation that "Sokolove partnered with Wallace & Graham to solicit Camp Lejeune claimants through telemarketing efforts and that Wallace & Graham and Rhine Law Firm were both signatories of the proposed retainer agreement sent to Cunningham after the calls." No. 1:24-CV-00221, 2024 WL 4826798, at *3 (M.D.N.C. Nov. 19, 2024). Similarly, in *Fridline v. Int. Media, Inc.*, the Court held that the "Plaintiff has articulated a detailed narrative based on clear factual allegations" when the Plaintiff "described how Defendant's business model is

11

predicated on solicitation and explained how the tracking links directed recipients to 'internet properties either owned by Interest Media or an affiliate offer promoted on Interest Media's platform.'" and "identified an example tracking link that he traced to a website owned by Interest Media found on a known affiliate tracking platform domain that Defendant maintains an account with." *Fridline v. Int. Media, Inc.*, No. 24-CV-01770, 2025 WL 1162492, at *2 (M.D. Pa. Apr. 21, 2025). In sum, the totality of the evidence Plaintiff points to in the Amended Complaint, including further details about the calls and their contents, including the fact that it was disconnected shortly after this litigation was served, together with the new pleadings on Mr. Swisa's licensure information, lend credence to the plausible allegation that the Defendant, Senior Life, directly placed the calls at issue.

No more is required. The Plaintiff is not required, at the pleading stage, to *disprove* the possibility that the calls were "placed by some independent third party, from which [the defendant] merely purchased the 'sales lead.'" *Morris*, 2016 WL 1359378, at *2. In any event, no facts indicate that this is what happened. What happened is the most plausible explanation: the Plaintiff received calls from the Defendant, promoting the Defendant's services, through its licensed agent, Daniel Swisa. "Defendant might dispute those facts, but as now alleged, they go beyond formulaically reciting the elements of Plaintiff's cause of action, and the Court must take them as true at this early stage in the litigation." *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792, at *6 (W.D. Pa. Aug. 1, 2022). The Plaintiff received three calls from the same caller ID who stated that they were calling from Senior Life and attempted to sell the Plaintiff Senior Life branded life insurance. Mr. Swisa identified himself on one of the calls as one of the agents, and public records confirm that he is a Senior Life agent (and only a Senior Life agent). No more is required at the pleadings stage to support a finding of

12

direct liability. As the authorities cited counsel, direct identification by name is the strongest indicia of direct liability that there is. Defendant's motion should be denied.

## V. CONCLUSION

This Court must deny Defendant's motion to dismiss in its entirety. Alternatively, to the extent that the Court finds that additional questions remain, it should permit the Plaintiff to amend to correct the deficiencies or permit both jurisdictional and liability-based discovery, as necessary.

Dated: June 12, 2025         PLAINTIFF, on behalf of himself
                             and others similarly situated,

                             */s/ William Robinson*
                             William Robinson
                             VSB:76098
                             319 N. Piedmont St., #1
                             Arlington VA. 22203
                             ph. 703-789-4800
                             wprlegal@gmail.com

                             */s/ Anthony I. Paronich*
                             Anthony I. Paronich, *Pro Hac Vice*
                             Paronich Law, P.C.
                             350 Lincoln Street, Suite 2400
                             Hingham, MA 02043
                             (508) 221-1510
                             anthony@paronichlaw.com