UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated,<br>*Plaintiff*,<br><br>v.<br><br>SENIOR LIFE INSURANCE COMPANY,<br><br>AND<br><br>DANIEL SWISA<br>*Defendants*. | No. 1:24-cv-1550-MSN-LRV |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Senior Life Insurance Company's Motion to Dismiss Plaintiff's amended complaint under Rule 12(b)(1) and 12(b)(6) (ECF 28). Upon consideration of the pleadings and for the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

#### A. Procedural

Plaintiff filed his initial complaint in this case on September 3, 2024. ECF 1. The initial complaint only named Senior Life Insurance Company ("SLIC") as a Defendant. *Id.* On November 8, 2024, SLIC filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction and failure to state a claim. ECF 12. After a series of extensions to Plaintiff's deadline to respond to SLIC's motion, Plaintiff opposed that motion to dismiss on January 23, 2025. ECFs 17, 19, 20. SLIC filed a reply in support of its motion on January 29, 2025. ECF 21. On April 22, 2025, the Court granted SLIC's motion to dismiss, finding the Plaintiff's complaint contained conclusory allegations that

failed to allege liability for SLIC under the Telephone Consumer Protection Act ("TCPA"). *See generally* ECF 22. The Court dismissed Plaintiff's claim without prejudice, directing him to file any amended complaint within ten days. *Id.*

On May 2, 2025, Plaintiff filed an amended complaint. ECF 23. Plaintiff's amended complaint added Daniel Swisa as a Defendant[1] in addition to SLIC. *Id.* Plaintiff brings one claim against both Defendants: violation of the TCPA. *Id.* at 9.

On May 30, 2025, SLIC moved to dismiss Plaintiff's amended complaint for lack of jurisdiction and failure to state a claim. ECFs 28, 29. Plaintiff responded to the motion to dismiss his amended complaint on June 12, 2025. ECF 33. On June 18, 2025, SLIC filed a reply in support of its motion to dismiss. ECF 35. The matter is now ripe for disposition.

    **B.**    **Factual**[2]

This action stems from Plaintiff's receipt of three unwanted phone calls telemarketing life insurance by Senior Life Insurance Company ("SLIC"). Plaintiff's personal phone number has been on the National Do Not Call Registry since August 31, 2021. ECF 23, Amended Complaint ¶¶ 15, 17-18. Prior to receiving the calls at issue, Plaintiff never sought out or solicited information regarding SLIC's services. *Id.* ¶ 19. On August 26, 27, and 28, 2024, Plaintiff received phone calls from (239) 359-5582. *Id.* ¶¶ 21, 22. This number was disconnected shortly after the original complaint in this case was served on SLIC. *Id.* ¶ 23. The calls were scripted telemarketing calls to sell SLIC branded life insurance from agents who stated that they were "calling from Senior Life." *Id.* ¶ 25. During each call, Plaintiff was asked the same qualifying questions for SLIC life

---

[1] At the time of the filing of this order, Defendant Swisa has not responded to the Amended Complaint.
[2] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of Defendant SLIC's Motion to Dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

insurance. *Id.* ¶ 26. During one of the calls, Plaintiff spoke to Defendant Daniel Swisa who identified himself as "calling from Senior Life." *Id.* ¶ 27. Insurance license records with the Florida Department of Financial Services indicate that Swisa has a license to write policies for SLIC from August 27, 2024, to September 30, 2026. *Id.* ¶ 28. Swisa was an employee of SLIC and acting at the direction of SLIC when he attempted to sell SLIC's products and services. *Id.* ¶¶ 27, 30. SLIC received other complaints that individuals were called in violation of the TCPA. *Id.* ¶ 34. Plaintiff and class members have been harmed by the calls because their privacy has been violated, and they were annoyed and harassed. *Id.* ¶ 35. They are also harmed by the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications. *Id.* Plaintiff seeks damages of between $500 and $1,500 per call as well as injunctive relief to prohibit Defendants from making telemarking calls to numbers on the Do Not Call Registry. *Id.* ¶¶ 57-58.

## II.     LEGAL STANDARD

"Article III of the Constitution requires a litigant to possess standing to sue in order for a lawsuit to proceed in federal court." *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022) (citation omitted). Without Article III standing, the Court is left without subject matter jurisdiction. *Id.* at 595-96 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("Standing is an 'irreducible constitutional minimum' that must be satisfied in all cases."). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Federal Rule of Civil Procedure 12(b)(1) allows a moving party to challenge the court's jurisdiction over the subject matter of the complaint. The

plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Trinity Outdoor, L.L.C. v. City of Rockville*, 123 F. App'x 101, 105 (4th Cir. 2005) (per curiam).

Alternatively, a court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted unless the plaintiff has "set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 932 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must construe the complaint, read as a whole, in the light most favorable to the plaintiff and take the facts asserted therein as true. *LeSueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). The general pleading standard requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief ... [and that] give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007) (quotations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

The TCPA provides: "It shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private right of action for individuals to receive $500 in damages for each violation, plus treble damages if the violation was willful or knowing. 47 U.S.C. § 227(b)(3).

### III.   ANALYSIS

The additional facts included in Plaintiff's amended complaint establish standing and sufficiently state a claim for the purposes of FRCP 12(b)(6). Plaintiff's original complaint was devoid of factual development and contained only the conclusory allegations that the calls at issue

4

were "from [SLIC]" and that Swisa was an employee of SLIC. *See* ECF 1 ¶¶ 19, 20, 22, 24. Therefore, the Court found that the original complaint did "not include facts—other than those which are conclusory—linking SLIC to the phone calls." *Id.* at 6.

Plaintiff's amended complaint remedies those deficiencies. The amended complaint contains more factual support for Plaintiff's claim including the details about Swisa's license as an agent with SLIC, that the callers, including Swisa, identified themselves as calling "from SLIC," and that they were selling SLIC insurance. ECF 23 ¶¶ 25-28. These facts both establish Plaintiff's standing and sufficiently state a claim.

Regarding standing, these facts establish a connection between SLIC's alleged actions and Plaintiff's purported injuries supporting an inference that SLIC, or its agent, made the calls at issue. *Scruggs v. CHW Grp., Inc.*, No. 2:20-cv-48, 2020 WL 9348208, at **4-5 (E.D. Va. Nov. 12, 2020). Even if SLIC ultimately shows that Plaintiff's injuries were not caused by SLIC, it is premature to dismiss Plaintiff's claims on the grounds of traceability at this stage. *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *9 (D.S.C. Jul. 1, 2021). Plaintiff's injuries are also likely to be redressed by a favorable judicial decision given that the TCPA provides for statutory damages. *Williams v. Myler Disability, LLC*, No. 320CV00275FDWDCK, 2020 WL 6693134, at *6 (W.D.N.C. Nov. 12, 2020) (finding Plaintiff has standing to sue based on the TCPA's statutory remedies); *Ung v. Universal Acceptance Corp.*, 198 F. Supp. 3d 1036, 1040 (D. Minn. 2016) ("…[T]he fact the TCPA provides for statutory damages belies Universal's argument that [Plaintiff's] injuries are not redressable here.").

Regarding pleading standards, Plaintiff's amended complaint "state[s] a claim to relief that is plausible on its face," regarding direct and vicarious liability against SLIC. *Twombly*, 550 U.S. at 570; *see Griffin v. Am.-Amicable Life Ins. Co. of Texas*, No. 6:24-CV-00243-MC, 2024 WL

5

4333373, at *4 (D. Or. Sept. 27, 2024) (denying 12(b)(6) motion where plaintiff was called by a licensed insurance producer for the Defendant); *Smith v. Am.-Amicable Life Ins. Co. of Texas*, No. CV 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (finding plaintiff's allegations that during the calls the plaintiff was told that he was "speaking with American-Amicable" and allegations that the calls "concerned insurance benefits–American-Amicable's area of business," were sufficient).

Plaintiff's amended complaint therefore contains sufficient allegations to both establish standing and to sufficiently state a claim.

## IV.   CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendant Senior Life Insurance Company's Motion to Dismiss Plaintiff's amended complaint (ECF 28) is **DENIED**.

It is **SO ORDERED**.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 9, 2025
Alexandria, Virginia