**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **THOMAS MATTHEWS, on behalf of** | * | |
| **Himself and others similarly situated,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Action No. 1:24-cv-1550** |
| **v.** | * | |
| | * | |
| **SENIOR LIFE INSURANCE** | * | |
| **COMPANY,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendant/Third-Party Plaintiff.** | * | |
| | * | |
| **DANIEL SWISA,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **BRENDON THOMAS, MEGA** | * | |
| **INSURANCE PARTNERS INC., and** | * | |
| **SUPERIOR INSURANCE** | * | |
| **MARKETING INC.** | * | |
| | * | |
| **Third-Party Defendants** | * | |

## DEFENDANT SENIOR LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND CROSS-CLAIM AGAINST DEFENDANT DANIEL SWISA

Defendant Senior Life Insurance Company ("SLIC"), by and through counsel, provides the following answer and submits affirmative defenses to Plaintiff's First Amended Class Action Complaint ("Complaint"). SLIC denies each and every allegation set forth in the Complaint, except as expressly admitted below. SLIC responds to the numbered paragraphs of the Complaint and prayer for relief as follows, and includes the headings that Plaintiff includes in his Complaint, but denies any express or implied allegation against SLIC in these headings.

## NATURE OF ACTION

1.      Paragraph 1 of the Complaint contains characterizations of Plaintiff's claims and legal conclusions to which no response is required. To the extent a response is required, SLIC denies the allegations.

2.      The allegations in Paragraph 2 of the Complaint contain characterizations of Plaintiff's claims, legal conclusions, and certain authority, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the authority, SLIC denies the allegations.

3.      Paragraph 3 of the Complaint contains characterizations of Plaintiff's claims and legal conclusions to which no response is required. To the extent a response is required, SLIC denies the allegations.

4.      SLIC denies the allegations in Paragraph 4 of the Complaint, and denies that Plaintiff properly brings viable class claims in the Complaint.

## PARTIES

5.      SLIC lacks sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and, on that basis, denies those allegations.

6.      Admitted.

7.      SLIC denies that Daniel Swisa is an employee of SLIC. SLIC lacks sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies those allegations.

316949943v.1

## JURISDICTION AND VENUE

8.    Paragraph 8 of the Complaint contains characterizations of Plaintiff's claims and legal conclusions to which no response is required. To the extent a response is required, SLIC denies the allegations.

9.    Paragraph 9 of the Complaint contains characterizations of Plaintiff's claims and legal conclusions to which no response is required. To the extent a response is required, SLIC denies the allegations.

10.    Paragraph 10 of the Complaint contains characterizations of Plaintiff's claims and legal conclusions to which no response is required. To the extent a response is required, SLIC denies the allegations.

## TCPA BACKGROUND

The National Do Not Call Registry

11.    Paragraph 11 of the Complaint characterizes certain authority that speaks for itself, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the authority, SLIC denies the allegations.

12.    Paragraph 12 of the Complaint characterizes certain authority that speaks for itself, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the authority, SLIC denies the allegations.

13.    Paragraph 13 of the Complaint characterizes certain authority that speaks for itself, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the authority, SLIC denies the allegations.

## FACTUAL ALLEGATIONS

14.    Admitted.

316949943v.1

15.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and, on that basis, denies those allegations.

16.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and, on that basis, denies those allegations.

17.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and, on that basis, denies those allegations.

18.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and, on that basis, denies those allegations.

19.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and, on that basis, denies those allegations.

20.     SLIC denies the allegations in Paragraph 20 of the Complaint.

21.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and, on that basis, denies those allegations.

22.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and, on that basis, denies those allegations.

23.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and, on that basis, denies those allegations.

24.     SLIC admits that a telephone company subpoena could reveal the subscriber of record for the telephone number at issue. SLIC denies remaining allegations in Paragraph 24 of the Complaint.

25.     SLIC denies the allegations in Paragraph 25 of the Complaint.

26.     SLIC denies the allegations in Paragraph 26 of the Complaint.

316949943v.1

27.     SLIC denies that Daniel Swisa is its employee. SLIC lacks sufficient information to admit or deny the remaining allegations in Paragraph 27 of the Complaint and, on that basis, denies those allegations.

28.     Paragraph 28 of the Complaint characterizes certain authority that speaks for itself, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the authority, SLIC denies the allegations.

29.     SLIC denies the allegations in Paragraph 29 of the Complaint.

30.     SLIC denies that it is the employer of Defendant Swisa or that Defendant Swisa acted at its direction. SLIC lacks sufficient information to admit or deny the remaining allegations in Paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     Paragraph 31 of the Complaint characterizes certain authority that speaks for itself and contains legal conclusions, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the documents or governing law, SLIC denies the allegations.

32.     Paragraph 32 of the Complaint contains characterizations of Plaintiff's claims and legal conclusions to which no response is required. To the extent a response is required, SLIC denies the allegations.

33.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint and, on that basis, denies those allegations.

34.     SLIC lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint and, on that basis, denies those allegations.

35.     SLIC denies the allegations in Paragraph 35 of the Complaint.

## CLASS ACTION ALLEGATIONS

36.    Paragraph 36 of the Complaint characterizes certain authority that speaks for itself, to which no response is required. To the extent a response is required, and the allegations are inconsistent with or are not in context with the documents, SLIC denies the allegations.

37.    Paragraph 37 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Paragraph 38 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

### Numerosity

39.    Paragraph 39 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Paragraph 41 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Paragraph 42 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

316949943v.1

## Commonality

43.     Paragraph 43 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

## Typicality

45.     Paragraph 45 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

## Adequacy of Representation

46.     Paragraph 46 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

## Superiority

48.     Paragraph 48 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the Complaint.

316949943v.1

49. Paragraph 49 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains characterizations of Plaintiff's claims and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

**<u>Count One</u>**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

54. SLIC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

55. SLIC denies the allegations in Paragraph 55 of the Complaint.

56. SLIC denies the allegations in Paragraph 56 of the Complaint.

57. SLIC denies the allegations in Paragraph 57 of the Complaint.

58. SLIC denies the allegations in Paragraph 58 of the Complaint.

8

## PRAYER FOR RELIEF

SLIC denies that Plaintiff are entitled to any relief sought in his prayer for relief from SLIC. Plaintiff's prayer should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## <u>GENERAL DENIAL</u>

SLIC denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that is not expressly admitted in this pleading.

## <u>AFFIRMATIVE DEFENSES</u>

Incorporating by reference the foregoing paragraphs in their entirely and without prejudice to the denials set forth in response to the Complaint and without undertaking any of the burdens properly placed on Plaintiff, SLIC asserts the following defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Virginia or whose claims have no connection whatsoever to Virginia. *See Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1782 (2017).

## THIRD DEFENSE

Plaintiff's claims against SLIC are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by SLIC.

316949943v.1

## FOURTH DEFENSE

SLIC did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

## FIFTH DEFENSE

The Complaint, and each purported cause of action asserted therein, is barred because Plaintiff and the purported class members have not suffered any actual damage as a result of any alleged wrongdoing by SLIC, or such damages are speculative or uncertain, or cannot be shown that SLIC was unjustly enriched. If, however, Plaintiff or the purported class members did suffer damages, which SLIC denies, the amount of damages actually suffered is less than the amount actually claimed, and any judgment against SLIC must therefore be reduced accordingly.

## SIXTH DEFENSE

The imposition of statutory damages under the TCPA against SLIC would violate the due process provisions of the U.S. Constitution and/or the Constitution of Virginia.

## SEVENTH DEFENSE

Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

## EIGHTH DEFENSE

To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

## NINTH DEFENSE

Plaintiff's and the purported class members' claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

316949943v.1

**TENTH DEFENSE**

Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

**ELEVENTH DEFENSE**

Plaintiff and the members of the putative class are barred in whole or in part from recovery against SLIC by reason of their failure to mitigate any harm to themselves, if in fact any injury has been sustained.

**TWELFTH DEFENSE**

SLIC did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent. To the extent that there was any violation of the TCPA, which SLIC denies, SLIC shall be liable for no more than a $500.00 penalty, as SLIC denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

**THIRTEENTH DEFENSE**

To the extent there was any violation of the TCPA, which SLIC denies, SLIC shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

**FOURTEENTH DEFENSE**

SLIC's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which SLIC denies, such violation(s) were not knowing and willful.

11

## FIFTEENTH DEFENSE

To the extent there was any violation of the TCPA, which SLIC denies, SLIC's actions were not knowing and/or willful because any violation was unintentional and the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid such violations.

## SIXTEENTH DEFENSE

Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call for which Plaintiff claims a violation.

## SEVENTEENTH DEFENSE

By reason of Plaintiff's inaction with respect to and/or ratification of the calls he alleges were made by SLIC, Plaintiff is estopped from recovery herein and Plaintiff's claims against SLIC are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

## EIGHTEENTH DEFENSE

SLIC's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

## NINETEENTH DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert,* 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

316949943v.1

## TWENTIETH DEFENSE

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972).

## TWENTY-FIRST DEFENSE

Any award of punitive or statutory damages against SLIC would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

## TWENTY-SECOND DEFENSE

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC,* No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'") (quoting *Capitol Records, Inc. v. Thomas-Rasset,* 692 F.3d 899, 907 (8th Cir. 2012)).

## TWENTY-THIRD DEFENSE

The allegations of the Complaint, and the purported causes of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

316949943v.1

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## TWENTY-FIFTH DEFENSE

SLIC acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf.

## TWENTY-SEVENTH DEFENSE

SLIC reserves the right to assert arbitration.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims should be dismissed or transferred on the grounds of *forum non conveniens* because SLIC is a Georgia corporation and any potential witnesses and records exist in the state of Georgia. As such, Georgia is the appropriate forum for this matter.

## TWENTY-NINTH DEFENSE

Daniel Swisa and Brendon Thomas are independent contractors subject to an independent contracting agreement with SLIC and SLIC is not vicariously liable for their actions. Plaintiff's claim therefore fails to state a claim upon which relief can be granted.

316949943v.1

## THIRTIETH DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the Plaintiff had an established business relationship with the caller or other relevant party.

## THIRTY-FIRST DEFENSE

This action cannot be properly maintained as a class action, and fails to satisfy the requirements under Rule 23(a), (b) or (c) of the Federal Rules of Civil Procedure.

## RESERVATION OF ADDITIONAL DEFENSES

SLIC hereby reserves all additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## JURY DEMAND

SLIC respectfully requests a trial by jury on all causes of action so triable.

## PRAYER FOR RELIEF

WHEREFORE, SLIC prays as follows:

1.     That Plaintiff and the purported class take nothing by reason of the Complaint, that judgment be rendered in favor of SLIC;

2.     That SLIC be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

3.     For such other relief as the Court deems just and proper.

15

## DEFENDANT SENIOR LIFE INSURANCE COMPANY'S
## CROSS-CLAIM AGAINST DANIEL SWISA

Defendant Senior Life Insurance Company ("SLIC"), by and through undersigned counsel, as for its cross-claim against Defendant Daniel Swisa ("Swisa"), alleges, upon information and belief:

### INTRODUCTION

1.      In his First Amended Class Action Complaint ("Complaint"), Plaintiff Thomas Matthews ("Plaintiff" or "Matthews") alleges that he suffered damages after receiving telephone calls in violation of the Telephone Consumer Protection Act.

2.      Plaintiff alleges that Swisa personally participated in at least one of the calls complained of in the Complaint.

3.      Through this Third-Party Complaint, SLIC seeks to hold Swisa liable for any expenses, losses, or liability that SLIC incurs in connection with Matthews's individual and class claims.

### PARTIES

4.      SLIC is a Georgia corporation with its principal place of business in Thomasville, Georgia.

5.      Swisa is an individual residing in Ft. Lauderdale, Florida.

6.      Matthews is an individual citizen in Virginia in this District.

### VENUE AND JURISDICTION

7.      Pursuant to 28 U.S.C. §1367, this Court has subject matter jurisdiction over this cross-claim as these claims are so interrelated to the claims asserted by Plaintiff in his Complaint

316949943v.1

that they form part of the same case or controversy under Article III of the United States Constitution and share an overlapping nucleus of overarching operative facts.

8.    Venue is proper in the Eastern District of Virginia because a substantial part of the alleged events giving rise to Plaintiff's claims, and thus the claims of this cross-claim occurred in this District, pursuant to 28 U.S.C. §1391(b).

9.    This Court has specific personal jurisdiction over Swisa because Swisa purposefully availed herself of the privilege of conducting activities within Virginia and the United States, and SLIC's claims arise out of or relate to those activities.

10.   Swisa's contacts with Virginia are such that she could reasonably anticipate being haled into court in Virginia to answer for claims arising from her conduct.

## FACTUAL ALLEGATIONS

11.   Plaintiff alleges in his First Amended Class Action Complaint that he received calls in violation of the Telephone Consumer Protection Act ("TCPA"), at least on August 26, 27, and 28. *See* Doc. 23 at ¶ 21.

12.   Plaintiff alleges that "Defendant Swisa personally participated in at least one of the calls complained of herein, acting at the direction of his employer and in an attempt to sell Senior Life's products and services." *See* Doc. 23 at ¶ 30.

13.   SLIC has an independent contract agreement with Swisa, which requires that in the course of performing her obligations under the agreement, she shall be responsible for ensuring that all communications made by her on her or her behalf is conducted in accordance with the TCPA.

14.   As the party involved in calls allegedly in violation of the TCPA, Swisa is responsible for any expenses, losses, or liability in connection with Matthews's individual and

17

class claims, including any expenses, losses, or liability that SLIC incurs in connection with those claims.

## CAUSES OF ACTION

### COUNT I
### CONTRACTUAL INDEMNIFICATION

15.     SLIC incorporates by reference all allegations set forth in this cross-claim as though fully set forth herein.

16.     While SLIC has and continues to deny liability to Plaintiff and putative class members, to the extent of any finding of liability by SLIC, such liability would be merely constructive, technical, imputed, or vicarious, and the sole or primary liability would be that of Swisa.

17.     Therefore, if Plaintiff or putative class members recover any damages or judgment against SLIC, SLIC will be entitled to judgment against Swisa for indemnification resulting from Swisa's liability in whole or in apportionment.

### COUNT II
### COMMON LAW CONTRIBUTION

18.     SLIC incorporates by reference all allegations set forth in this cross-claim as though fully set forth herein.

19.     If Plaintiff or putative class members sustained the damages alleged in Plaintiff's Amended Class Action Complaint, other than through the fault of Plaintiff or putative class members themselves, then these damages were due to the primary, active, affirmative, intentional conduct, actions, inactions, negligence, and/or liability of Swisa.

316949943v.1

20.     If Plaintiff or putative class members recover any damages or judgment against SLIC, SLIC will be entitled to judgment against Swisa for contribution resulting from Swisa's liability in whole or in apportionment.

### COUNT III
### COMMON LAW INDEMNIFICATION

21.     SLIC incorporates by reference all allegations set forth in this cross-claim as though fully set forth herein.

22.     While SLIC has and continues to deny liability to Plaintiff and putative class members, to the extent of any finding of liability by SLIC, such liability would be merely constructive, technical, imputed, or vicarious, and the sole or primary liability would be that of Swisa.

23.     Therefore, if Plaintiff or putative class members recover any damages or judgment against SLIC, SLIC will be entitled to judgment against Swisa for indemnification resulting from Swisa's liability in whole or in apportionment.

### JURY DEMAND

SLIC respectfully requests a trial by jury on all causes of action so triable.

### PRAYER FOR RELIEF

WHEREFORE, SLIC respectfully requests judgment in its favor and against Swisa on all of the foregoing causes of action, including an award of costs, disbursements and reasonable attorney's fees and such other and further relief as this Court may deem just and proper.

316949943v.1

Respectfully submitted,

*/s/ David M. Ross*
David M. Ross, VSB #42389
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1500 K. Street, NW, Suite 330
Washington, DC 20005
(202) 626-7687 (Tel)
david.ross@wilsonelser.com


*/s/ Matthew N. Foree*
Matthew N. Foree (admitted *Pro Hac Vice*)
Georgia Bar No. 268702
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3348 Peachtree Rd. NE Suite 1400
Atlanta, GA 30326
470.419.6650 (Tel)
matthew.foree@wilsonelser.com

*Counsel for Defendant/Third-Party Plaintiff Senior Life Insurance Company*

316949943v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ David M. Ross
David M. Ross

316949943v.1