IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| THOMAS MATTHEWS,<br>*On behalf of himself and others similarly situated,* | )<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | |
| v. | ) | Case No. 1-24-cv-1550 (MSN/LRV) |
| SENIOR LIFE INSURANCE COMPANY, | )<br>)<br>) | |
| Defendant. | )<br>)<br>) | |
| SENIOR LIFE INSURANCE COMPANY, | )<br>)<br>) | |
| Third-Party Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| BRENDON THOMAS, et al., | )<br>)<br>) | |
| Third-Party Defendants. | )<br>) | |

## <u>RULE 16(B) SCHEDULING ORDER</u>

Pursuant to Federal Rule of Civil Procedure 16(b), Local Civil Rule 16(B), the Court's July 11, 2025 Scheduling Order (Dkt. No. 41), the August 1, 2025 Order modifying the Scheduling Order (Dkt. No. 56), and the October 3, 2025 Order further modifying the Scheduling Order (Dkt. No. 66), an initial pretrial conference was held telephonically on October 22, 2025, at which *pro se* Third-Party Defendant Brendon Thomas, counsel for Plaintiff, and counsel for Defendant appeared. Upon consideration of the representations made by the parties in the Report of Parties' Planning Meeting (the "Joint Discovery Plan") (Dkt. No. 68), and consistent with the discussion during the initial pretrial conference, the Court makes the following rulings:-[1]

---

[1] All parties in the above-captioned matter are expected to comply with the requirements and schedule set forth in this Order, including any who enter the matter after the date of this Order.

1

1.      The Joint Discovery Plan filed by the parties is approved, *as amended herein*, and shall control discovery to the extent of its application unless further modified by the Court.

2.      All discovery shall be concluded by **January 16, 2026**.

3.      The final pretrial conference shall be held on **January 22, 2026** before the District Judge.

4.      The Joint Discovery Plan does not propose a date for the parties to serve initial disclosures or state that initial disclosures have already been exchanged. Given the parties' representations at the initial pretrial conference that initial disclosures may not have been exchanged yet, Plaintiff and Defendant are directed to serve Federal Rule of Civil Procedure 26(a)(1) disclosures on or before **Friday, October 24, 2025**. The *pro se* Third-Party Defendant, Brendon Thomas, shall submit his Rule 26(a)(1) disclosures on or before **Wednesday, November 5, 2025**

5.      If the parties believe that a settlement conference with the Court would be of assistance in resolving this matter, they are encouraged to jointly contact the undersigned's chambers so that a settlement conference may be scheduled. For planning purposes, the parties are advised that the undersigned prefers to conduct settlement conferences in person, and that due to the Court's calendar, a settlement conference may be scheduled for a date several weeks after the parties reach out to request a date.

6.      The Court does not adopt either of the proposed case schedules set forth in the Joint Discovery Plan. The following deadlines shall control the timing of expert disclosures required under Federal Rule of Civil Procedure 26(a)(2): Plaintiff shall identify expert witnesses and provide required reports by such witnesses on or before **November 17, 2025**; Defendant shall identify expert witnesses and provide required reports by such witnesses on or before **December 17, 2025**; and Plaintiff's rebuttal disclosures, if any, are due on or before **January 2, 2026. To the extent the parties wish to modify these deadlines, they must seek leave of the Court.**

2

7. Any class certification motion must be filed by **February 17, 2026** and noticed for a hearing in accordance with this Court's Local Rules.

8. Disclosures under Federal Rules of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall <u>not</u> be filed on the docket except on order of the Court, or for use in a motion or at trial.

9. No "general objection" may be asserted in response to any discovery request except to preserve the attorney-client privilege and work product protection.

10. The parties are reminded that, pursuant to Local Civil Rule 26(C), objections to discovery requests are due by 15 days after service.

11. In Paragraph (c) of the Joint Discovery Plan, the parties agree to certain procedures and limitations regarding privileged material. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner in accordance with Federal Rule of Civil Procedure 26(b)(5). **Unless otherwise agreed by the parties in writing, if material is withheld from production based on claims of attorney-client privilege or the work product protection, such material must be recorded in a privilege log, and the privilege log must be served within ten (10) days of a respective document production. If a document production is made with fewer than 10 days remaining in the discovery period, the privilege log for that production must be served by the close of discovery.**

12. The parties are reminded of their obligation to preserve all discoverable information, including but not limited to Electronically Stored Information ("ESI").

13. **Discovery-related motions must be filed in time to be heard by the close of discovery.**

14. The following provisions shall apply to the filing and noticing of all motions:

(a) All motions must contain a statement that a good-faith effort to narrow the area of

disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be delivered directly to the attention of the judge hearing the motion at the Clerk's Office within one day of the electronic filing. *See* "Alexandria Chambers Copies/Division-Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) Except for consent motions, all motions shall be accompanied either by a waiver of hearing or a notice of hearing for the earliest possible hearing date consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above.

(c) Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(d) Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs.

(e) In order to provide for the prompt resolution of non-dispositive matters to be heard by the assigned magistrate judge, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on the following Wednesday and any reply brief should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing. This expedited schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice. If a non-dispositive motion is noticed for a

hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

(f) All summary judgment issues shall be presented in the same pleading unless leave of the Court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(g) Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing or waiver of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file

a response to the motion and a proposed order that meets the requirements of Local Civil Rule 5. Only material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

15. In the event this case is tried before a jury, each party shall file their proposed jury instructions and *voir dire* seven (7) days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

**ENTERED** this 22nd day of October, 2025.

Alexandria, Virginia

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge

6